IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DALTON BABINEAUX | § | |
| VS. | § | CIVIL ACTION NO. 1:06-CV-802 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Movant Dalton Babineaux, a federal prisoner, proceeding *pro se*, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Procedural History

On May 19, 1999, a federal grand jury in the Eastern District of Texas returned a one-count indictment charging movant with possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). After the Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the grand jury returned a superseding indictment charging movant with possessing fifty grams or more of crack cocaine with intent to distribute. Movant pled guilty to the offense. On May 23, 2001, movant was sentenced to 120 months of imprisonment and five years of supervised release.

Movant appealed the judgment. The appeal was dismissed for want of prosecution for failure to pay the docketing fee and failure to order transcripts. The United States Court of Appeals for the Fifth Circuit reinstated the appeal, but subsequently dismissed the appeal for want of jurisdiction.

The Motion to Vacate Sentence

Movant collaterally attacked his sentence, arguing that his attorney provided ineffective assistance of counsel by: (1) allowing his appeal to be dismissed; and (2) failing to investigate his

prior conviction when the investigation would have shown that he should not be assessed any criminal history points for the offense. Movant also contends that the district court erred by assessing him two criminal history points for a criminal trespass conviction.

## Discussion

It is undisputed that movant had one prior conviction for criminal trespass in Lafayette, Louisiana. The presentence investigation report ("PSR") reflects that movant pled guilty and was sentenced to six months in jail. Pursuant to United States Sentencing Guideline § 4A1.2(c), no criminal history points are assessed for a prior criminal trespassing conviction, unless the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or the prior offense was similar to the instant offense. In this case, movant was assessed two criminal history points in accordance with U.S.S.G. § 4A1.1(b) because the PSR reflected that movant was sentenced to six months in jail. The two criminal history points resulted in a criminal history score of II. With an offense level score of 29, movant's guideline range was 97-121 months of imprisonment.

Movant was subject to a mandatory minimum sentence of 120 months. Absent the criminal history points assessed for the criminal trespass conviction, movant would have been eligible for a sentence reduction under the safety valve provision of U.S.S.G. § 5C1.2. The safety valve provision allows the court to impose a sentence within the guideline range without regard to any statutory minimum sentence. In addition, movant would have been entitled to a two-level decrease in his offense level in accordance with U.S.S.G. § 2D1.1(b)(4).

The government was ordered to respond to the motion to vacate sentence. Counsel for the Government obtained the Extract of the Criminal Court Minutes from movant's Louisiana conviction. The minutes reflect that movant was sentenced "to a fine of $100.00 and court costs of

$94.00, or in default of payment thereof to be confined in the East Baton Rouge Parish Prison for a period of six months, credit for time served." Pursuant to U.S.S.G. § 4A1.2, Application Note 4, a sentence which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment is treated as a non-imprisonment sentence.  Thus, the government concedes that movant should not have been assessed two criminal history points for the criminal trespass conviction. The government requests that the case be set for re-sentencing.

Because movant should not have been assessed any criminal history points for his criminal trespass conviction, his sentence should be vacated and he should be re-sentenced.  Movant's remaining grounds for review are now moot.

## Conclusion

For the reasons set forth above, the motion to vacate, set aside or correct sentence is **GRANTED** to the extent that movant will be re-sentenced.  A sentencing hearing will be set by separate order.  A final judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 17 day of **April, 2007.**

_____
Thad Heartfield
United States District Judge